UNITED STATES DISTRICT COURT
FEDERAL DISTRICT OF KANSAS

| | |
|---|---|
| AMANDA SPRENGER )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>PORTIFOLIO RECOVERY ASSOCIATES, INC. )<br>)<br>Defendant, ) | Civil Action No. 11-CV-2272<br>JAR/KGG |

## **VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

AMANDA SPRENGER, ("Plaintiff"), through the undersigned counsel, Raymond E. Probst, Jr., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, INC., ("Defendant"):

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Amanda Sprenger an individual consumer, against Defendant, Portfolio Recovery Associates, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendants transact business here.

## PARTIES

3. Plaintiff, Amanda Sprenger is a natural person with a permanent residence of 20100 North 78th Place, Scottsdale, Maricopa County, Arizona, 85255.

4. Upon Information and belief the Defendant, Portfolio Recovery Associates, Inc. engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 500 West 1st Avenue, Hutchinson, Kansas 67501-5222. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempt to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Upon information and belief, Defendant began placing collection calls to Plaintiff in November, 2010.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, did contact Plaintiff in reference to a Sears Credit Card.

8. Plaintiff informed Defendant that Plaintiff has never had a Sear Credit Card.

9. Plaintiff informed Defendant that someone had used Plaintiff's social security number in and around July of 2000.

10. Plaintiff informed Defendant that Plaintiff was living in Minnesota in and around July of 2000.

11. Plaintiff informed Defendant that the charges were applied to the disputed Sears credit card in and around July 2000.

12. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collect of the alleged debt, has called the Plaintiff repeatedly and continuously.

13. Defendant did not send Plaintiff a validation letter.

## CLAIM FOR RELIEF

14. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

15. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

   (b) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly and/or continuously with the intent to annoy, abuse or harass any person at the called number.

   (c) The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiffs a validation notice containing address of the original creditor

16. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17. As a result of the foregoing violations of the FDCPA, defendant is liable to the plaintiff Amanda Sprenger for declaratory judgment that defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant Portfolio Recovery Associates, Inc. for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA.

    B.    Actual damages.

    C.    Statutory damages pursuant to 15 U.S.C. § 1692k.

    D.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

    E.    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff AMANDA SPRENGER demands trial by jury in this action.

This 16th day of May, 2011.

## DESIGNATION OF TRIAL

PLEASE TAKE NOTICE that the Trial in this cause of action will be conducted in the Kansas City Division of the United States District Court of Kansas.

RESPECTFULLY SUBMITTED

THE PROBST LAW FIRM, P.A.

BY:    /s/ Raymond E. Probst, Jr.
    Raymond E. Probst, Jr.
    KS Bar No. 20370
    Attorney for Plaintiff
    827 Armstrong Avenue
    Kansas City, KS 66101
    (913) 281-0699

Of Counsel to:
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
(678) 781-1012
alex@fdcpalawyeronline.com